**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50106 |
| Plaintiff - Appellee, | D.C. No. 2:02-cr-00045-RSWL-1 |
| v. | |
| DAVID DOLIVEK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted February 12, 2013[*]
Pasadena, California

Before: GOODWIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Appellant David Dovilek, convicted of possession of child pornography,

argues that the district court abused its discretion when it modified the conditions

of his supervised release to permit computer use but with a requirement for

keystroke monitoring. We disagree.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We recognize that keystroke monitoring is more intrusive than mere Internet monitoring and not appropriate in every case. *See United States v. Quinzon*, 643 F.3d 1266, 1273 (9th Cir. 2011). However, Dolivek's illicit computer use involved more than just online activities. He ran a commercial child pornography distribution business. In addition, he created his own child pornography videotapes. A former web designer, Dolivek is a sophisticated computer user who had the knowledge, software, and experience to avoid detection of more criminal misuse of his computer, if keystroke monitoring was not imposed. Because keystroke computer monitoring is reasonably related to the specific circumstances of Dolivek's offense and individual characteristics, and the need to protect the public, the district court did not abuse its discretion. *See United States v. Rearden*, 349 F.3d 608, 621 (9th Cir. 2003).

AFFIRMED.